```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION
```

THOMAS BRYON KUYKENDALL, §
et al., §
 §
                        Plaintiffs, §
 § Civil Action No. 3:08-CV-1973-D
VS. §
 §
CHRISTOPHER PENNINGTON, et al., §
 §
                        Defendants. §

## MEMORANDUM OPINION AND ORDER

In this removed action, defendant City of Mesquite, Texas ("Mesquite") moves for summary judgment dismissing the claims of plaintiffs Thomas Bryon Kuykendall ("Kuykendall") and Cynthia Kuykendall.  Plaintiffs have not responded to the motion.  For the reasons that follow,[1] the court grants the motion and dismisses this action with prejudice by judgment filed today.

I

Plaintiffs sued Mesquite and Officer Christopher Penington[2] ("Officer Penington") in state court seeking damages for injuries

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] The case caption and several documents filed in this case spell his surname "Pennington."  The court will follow the spelling used in his affidavit and in Mesquite's briefing.

allegedly suffered by Kuykendall when he was detained by Officer Penington.³ The state court dismissed all of the claims asserted against Officer Penington and all of the state-law claims asserted against Mesquite. Mesquite then removed the case to this court. Plaintiffs' remaining claim is brought under 42 U.S.C. § 1983, and alleges use of excessive force, in violation of Kuykendall's Fourth Amendment rights. Mesquite points to the absence of evidence showing that a constitutional violation occurred in this case—i.e. that excessive force was used—and that a policy, practice, or custom of Mesquite caused a deprivation of plaintiffs' constitutional rights.

Mesquite filed its summary judgment motion on May 22, 2009. Plaintiffs' response was due no later than June 11, 2009. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 20 days from the date the motion is filed."). Plaintiffs have not responded to the motion, and it is now ripe for decision.

II

Because Mesquite does not have the burden at trial on plaintiffs' claim, it can meet its summary judgment obligation by

---

³The case caption includes Officer Penington as the first-named defendant, probably because the notice of removal did so. As the court explains below, however, Officer Penington was dismissed from the case before Mesquite removed it to this court. Accordingly, as a result of the court's decision today, a final judgment dismissing the case is being entered.

pointing the court to the absence of evidence to support the claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In its motion, Mesquite points to the absence of evidence supporting plaintiffs' claim. Because Mesquite has done so, plaintiffs must go beyond their pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in plaintiffs' favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plaintiffs' failure to produce proof as to any essential element renders all other facts immaterial. See *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if plaintiffs fail to meet this burden. *Little*, 37 F.3d at 1076.

Plaintiffs have not responded to Mesquite's motion. Their failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however, to accept Mesquite's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, plaintiffs' failure to respond means that they have not designated specific facts showing that there is a genuine issue for trial on their claim. "A summary judgment nonmovant who does not respond to the motion is relegated to her

unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

Because Mesquite has pointed to the absence of evidence to support essential elements of plaintiffs' claim, and plaintiffs have not adduced evidence that would permit a reasonable jury to find in their favor, Mesquite is entitled to summary judgment.

\*   \*   \*

Accordingly, Mesquite's May 22, 2009 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

August 11, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE